**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Victoria Coxe Threatt, Appellant.

Appellate Case No. 2023-000467

———————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-404
Submitted July 1, 2026 – Filed August 12, 2026

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Victoria Threatt was indicted and convicted of multiple drug offenses based on items a probation agent discovered during a visit and search of her home. Threatt challenges the circuit court's denial of her motions to dismiss the

charges and to suppress evidence obtained during the search. We respectfully disagree with her arguments and affirm.

Threatt was on probation. As a condition of probation, she agreed to submit to searches by probation officers at any time. A probation agent discovered drugs and drug paraphernalia in Threatt's home during a home visit. Although the encounter was recorded on the agent's body camera, the recording was automatically deleted pursuant to the agency's retention policy after the agent failed to flag it for preservation. The fact that the recording no longer exists is important because Threatt disputes the probation agent's description of the encounter inside her home.

First, Threatt asserts the circuit court should have dismissed the charges against her because the State destroyed the body-camera recording, which Threatt says was potentially exculpatory evidence. She asks this court to adopt a standard that does not require bad faith to dismiss charges when evidence is destroyed. We decline that invitation because the argument is procedurally barred. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

At the circuit court, Threatt acknowledged that precedent requires a showing of bad faith when a motion to dismiss is based on the destruction of evidence. *See State v. Cheeseboro*, 346 S.C. 526, 538–39, 552 S.E.2d 300, 307 (2001) ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means."). She argued bad faith could be inferred from the circumstances surrounding the video's deletion. She cannot make a different argument now; an appellant may polish an argument on appeal but not trade it for another. *See id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *Kennedy v. S.C. Ret. Sys.*, 349 S.C. 531, 533, 564 S.E.2d 322, 323 (2001) ("South Carolina cases clearly hold that one cannot present and try a case on one theory and then attack the result below by presenting another theory on appeal."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) (explaining an issue conceded at the circuit court cannot be argued on appeal); *see also State v. Dean*, 427 S.C. 92, 101–02, 828 S.E.2d 243, 248 (Ct. App. 2019) (emphasizing while "we do not require a party to use the same language on appeal as it did at trial" the argument must have been presented to the circuit court in order to be preserved).

Next, Threatt argues the circuit court should have suppressed the evidence seized from her home because the probation agent lacked reasonable suspicion to conduct the search of her bag. We disagree.

A warrantless search of a probationer's home does not violate the Fourth Amendment when based on reasonable suspicion. *See, e.g.*, *United States v. Knights*, 534 U.S. 112, 121 (2001) ("When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable."). Reasonable suspicion "requires a particularized and objective basis that would lead one to suspect another of criminal activity." *State v. Woodruff*, 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct. App. 2001). In evaluating whether reasonable suspicion exists, "courts must 'consider the totality of the circumstances' and 'give due weight to common sense judgments reached by officers in light of their experience and training.'" *State v. Provet*, 391 S.C. 494, 500–01, 706 S.E.2d 513, 516 (Ct. App. 2011) (quoting *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004)).

The probation agent testified law enforcement received an anonymous tip that Threatt was selling drugs from her home, would likely be seated by the door, and might be using a lookout. The agent explained the tip proved to be accurate. The agent testified that when he arrived and knocked on Threatt's door, a man partially opened the door while obstructing the agent's view into the residence and claimed Threatt was in the bathroom. Once inside, however, the agent said he immediately observed Threatt sitting near the door exactly as the tip predicted. After Threatt consented to a search of her purse, the agent discovered a substantial amount of cash. The agent also testified Threatt became increasingly nervous during the encounter. At that point, the agent instructed Threatt to open a black bag located near her. Threatt notified him drugs were in the bag and admitted they were hers.

Threatt disputes the agent's testimony, but the circuit court found the agent credible. We defer to that determination. *See State v. Johnson*, 413 S.C. 458, 467–68, 776 S.E.2d 367, 371–72 (2015) ("[I]t is well-established under South Carolina law that credibility determinations are entitled to great deference. . . . The determination of credibility must be left to the trial judge who saw and heard the witnesses and is therefore in a better position to evaluate their veracity." (citation modified)). Considering the corroboration of the anonymous tip, the large amount of cash, and Threatt's escalating nervousness, the agent's observations provided an objectively reasonable basis to suspect criminal activity.

Accordingly, we affirm.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.